| | |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

BRANDON LEE JENKINS, §
　§
　　　　Movant, §
　§
*versus* § CIVIL ACTION NO. 1:20-CV-181
　§
　§
DIRECTOR, TDCJ-CID, §
　§
　　　　Respondent. §

## MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, Brandon Lee Jenkins, represented by counsel, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge recommends denying the petition.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record, and pleadings (#13). Both Petitioner and Respondent filed objections to the Magistrate Judge's Report and Recommendation (#s 14 & 15). This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

Petitioner was convicted of murder and sentenced to ninety-nine years of imprisonment on November 19, 2015, in Liberty County, Texas. The Eighth Court of Appeals affirmed the conviction on August 23, 2017. Petitioner did not seek discretionary review, but did file a state application for writ of habeas corpus on September 11, 2018. During state habeas review,

Petitioner argued several claims of ineffective assistance of counsel during the guilt-innocence phase.  The trial court, after issuing findings of fact and conclusions of law, denied relief finding Petitioner failed to prove deficient performance or prejudice.  The Texas Court of Criminal Appeals ("TCCA") specifically declined to adopt the trial court's findings as to deficiency, but agreed there was no prejudice.

In the current federal petition for writ of habeas corpus, Petitioner again puts forth several of the same claims of ineffective assistance of counsel.  Petitioner contends that the TCCA's decision that Petitioner was not prejudiced by trial counsel's deficient performance was an unreasonable application of Supreme Court precedent.  In evaluating Petitioner's claims, the magistrate judge noted that the TCCA made no separate finding on deficiency and thus proceeded on the assumption that the TCCA made the determination that counsel was deficient.  After carefully analyzing each claim of ineffective assistance of counsel, the magistrate judge found that Petitioner failed to prove prejudice as to each distinct claim and that the finding of no prejudice as to each claim by the TCCA was not objectively unreasonable and entitled to deference.

Petitioner argues the magistrate judge erroneously analyzed prejudice separately with regard to each deficiency in performance, contending that *Strickland* requires a cumulative prejudice analysis.  *Strickland v. Washington*, 466 U.S. 668, 693-94 (1984).  Petitioner also cites to *Kyles v. Whitley* in support of this argument.  514 U.S. 419, 434, 436-37 (1995).  Petitioner, alternatively, moves for a certificate of appealability on the issue of whether the court must conduct a cumulative prejudice analysis to resolve claims of ineffective assistance of counsel.

Contrary to Petitioner's assertion, the Fifth Circuit has repeatedly recognized that the United States Supreme Court "has never squarely held that the cumulative error doctrine governs

ineffective assistance of counsel claims." *Hill v. Davis*, 781 F. App'x 277, 280-81 (5th Cir. 2019). "Although Hill is correct that we have employed a cumulative framework at times to assess ineffective assistance of counsel claims, there is no hard and fast rule governing its use, even as a matter of circuit precedent." *Id*. at 281, n2. Based on this precedent, the magistrate judge did not err.

Moreover, the court is of the opinion Petitioner is not entitled to a certificate of appealability as to this issue. An appeal from a judgment denying post-conviction collateral relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the Petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the Petitioner need not establish that he would prevail on the merits. Rather, he must demonstrate that the issue is subject to debate among jurists of reason, that a court could resolve the issue in a different manner, or that the question presented is worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the Petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

In this case, Petitioner has not shown that the issue of whether the court must conduct a cumulative prejudice analysis to resolve claims of ineffective assistance of counsel would be subject to debate among jurists of reason. As previously stated, the Fifth Circuit has recognized there is no such Supreme Court precedent. The question presented is not worthy of

encouragement to proceed further. Therefore, Petitioner has failed to make a sufficient showing to merit the issuance of certificate of appealability. Accordingly, a certificate of appealability will not be issued.

Finally, while Respondent agrees with the magistrate judge's ultimate recommendation to deny relief, Respondent objects "to the extent that the Report determines that deficiency was found by the TCCA, or implies that trial counsel was deficient." Respondent thus takes issue with the report's reliance on the assumption that the TCCA made the determination that counsel was deficient **even though** the TCCA specifically declined to adopt the trial court's finding of no deficiency. Respondent appears to argue that despite this, there is still an implied finding that trial counsel was not deficient; a finding that is entitled to a presumption of correctness and that must be rebutted by clear and convincing evidence. Such an argument defies credulity. As Respondent fails to offer any clear binding precedential support for such a proposition, this objection is overruled.

## ORDER

Accordingly, the objections (#s 14 & 15) are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in accordance with the recommendations of the magistrate judge. A certificate of appealability will not issue.

**Signed this date**
**Sep 14, 2023**

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE